CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 OCT 23 PM 4: 04

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TIMOTHY NORWOOD BAKER, § <br> TDCJ No. 1151865, § <br> Petitioner, § <br> § <br> v. § <br> § <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | | Civil No. 7:12-CV-108-O-BL <br><br><br> Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Timothy Norwood Baker, a prisoner in the custody of the Texas Department of Criminal Justice, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed.

### I. BACKGROUND

On October 8, 2009, Baker was sentenced to life imprisonment by the 89th District Court of Wichita County, TX. He appealed; his conviction was affirmed on December 16, 2010. *Baker v. State*, No. 02-09-00407-CR, slip op. (Tex.App.–Fort Worth 2010, pet. ref'd). He then petitioned for discretionary review, which was refused by the Court of Criminal Appeals on May 18, 2011. *Baker v. State*, P.D.R. No. 107-11. On November 17, 2011, he applied for a state writ of habeas corpus challenging his conviction; the writ was denied without written order on March 21, 2012. *Ex parte Baker*, No. 76,959-01 (Tex. Crim. App. 2012), pleadings at 2, cover.

This petition was filed in the Eastern District of Texas on March 14, 2012 (Doc. 1), and transferred to this district on July 11, 2012 (Docs. 10, 11, 16, 17). The Court entered an order on July 11, 2012 referring this matter to the United States Magistrate Judge for pretrial management (Doc. 18).

## II. ANALYSIS

The sole ground of Baker's petition is an alleged denial of the right to represent himself at trial. Pet. at 6. The constitutional right to effective assistance of counsel includes a right to self-representation. *Faretta v. California*, 422 U.S. 806, 835-36 (1975). Erroneous denial of this right is never harmless; it requires automatic reversal. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984).

However, a defendant's assertion of the right to proceed *pro se* must be "clear and unequivocal." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir.2008). A defendant's conduct can waive the right to self-representation. *See, e.g., McKaskle*, 465 U.S. at 182; *Cano*, 519 F.3d at 516; *see also Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir.1982) ("Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether. ")

Here, the trial record indicates that at no time did Baker clearly and unequivocally invoke his right to self-representation. Baker's statements that he wished to represent himself were accompanied by requests to be provided with new counsel, as the appellate court noted:

> [V]iewing the record as a whole, the theme that emerges from [Baker]'s complaints is that he was dissatisfied with every lawyer he was appointed, not that he wanted to represent himself. Consequently, we cannot say that the trial court erred by requiring [Baker] to proceed with his appointed counsel.

*Baker v. State*, slip op. 7-9. Baker's requests for new counsel demonstrate that he was "vacillating on the issue." *Brown*, 665 F.2d at 611. Therefore, this court agrees with the appellate court's analysis that Baker's requests were not "clear and unequivocal." *Cano*, 519 F.3d at 516.

The affirmation of Baker's conviction by the Texas intermediate appellate court was "the last reasoned opinion" on the denial of his claim; it is to be reviewed to ascertain whether it contravened or unreasonably applied federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In finding

that Baker's requests were not clear and unequivocal, the appellate court reasonably applied federal law to the record.

### III. CONCLUSION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 23rd day of October, 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**